**In re HAROLD & WILLIAMS DEVELOPMENT COMPANY, INC., Debtor.**

**HAROLD & WILLIAMS DEVELOPMENT COMPANY, INC., Plaintiff,**

v.

**CRESTAR BANK, City of Norfolk, Virginia, Joseph T. Fitzpatrick, Winston G. Snider, Defendants.**

**Bankruptcy No. 90–20225–T.**
**Adv. No. 93–2019–T.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Jan. 12, 1994.

Harry W. Jernigan, III, Virginia Beach, VA, for debtor/plaintiff.

Mark H. Mapp, Williams, Kelly & Greer, P.C., Norfolk, VA, for Crestar Bank.

Peter G. Zemanian and Peter V. Chiusano, Willcox & Savage, P.C., Norfolk, VA, for City of Norfolk and Joseph T. Fitzpatrick.

Winston G. Snider, Virginia Beach, VA.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

In this chapter 11 case, the debtor sold at public auction real property which was subject to a deed of trust held by Crestar Bank. The court's order of sale provided for sale free of all liens, and the net proceeds after closing costs were paid to Crestar Bank in partial satisfaction of its deed of trust loan. Unfortunately, the realty was also subject to delinquent real estate tax liens due the city of Norfolk, which taxes were overlooked at settlement.

The debtor brought this adversary proceeding requesting the court to determine that after the sale, the Norfolk real estate tax liens attached to the sale proceeds and that Crestar Bank must disgorge that portion of the payment equal to the real estate taxes and pay this sum to the city.[1] The parties have agreed that this proceeding may be decided on the pleadings.

For reasons stated in this memorandum opinion, the court will order Crestar Bank to disgorge the funds and pay the tax liens that should have been paid at settlement.

### Findings of Fact

Virtually all of the facts have been stipulated by the parties. The debtor filed a voluntary chapter 11 petition on February 17, 1990, and operated as debtor in possession. A plan was confirmed by the court's order entered May 28, 1992.

Upon debtor's motion of August 21, 1991, for authority to sell and by order of this court entered on September 4, 1991, the debtor sold at public auction several parcels of real estate pursuant to 11 U.S.C. § 363. The City of Norfolk did not receive notice of either the motion or the sale order. One of the parcels was 424 South Main Street in Norfolk, Virginia, the subject of this adversary proceeding.

The court's order of September 4, 1991, was provided by debtor's counsel and stated that the deed of trust liens of three secured creditors, including Crestar, would attach to the proceeds of sale of the various parcels.[2] Crestar held a first deed of trust on the subject property and was significantly undersecured. The order did not refer to any other liens on the property.

The South Main Street property was sold to defendant Winston G. Snider at public auction held on May 30, 1991; the purchase price bid was $84,000.00.[3] Prior to settlement on December 16, 1991, the City of Norfolk presented the auctioneer with evidence of delinquent real estate taxes on the property.[4] Under Virginia law these taxes constituted first priority liens against the realty.

At settlement the purchaser of the property presented debtor's counsel with a check for $75,516.00, the net proceeds due under the auction bid after closing costs. Debtor's counsel then forwarded a check for the same amount to Crestar as holder of the deed of trust on the property. The delinquent real estate taxes were not paid although the funds were funnelled through the trust accounts of two attorneys.

---

1. The complaint also asks that the court quiet title to the subject realty.

2. The order specifically stated "the sale shall be free and clear of any and all liens and other interest and that the liens of Sovran Equity Mortgage Corporation, Crestar Bank and Dominion Bank of Greater Hampton Roads, if any, shall attach to the proceeds of said auction sale." Crestar was the only holder of a deed of trust against the subject property.

3. The court originally approved the sale of this property by order entered March 4, 1991, at a reserve price of $135,000.00. The court entered the September 4, 1991, order to approve the sale at a purchase price of $84,000.00, which was the highest offer.

4. The delinquent real estate taxes, accrued interest and penalties on the property as of settlement on December 16, 1991, were as follows:

| | |
|---|---|
| 1985–86 | $ 1,479.27 |
| 1986–87 | 5,147.54 |
| 1987–88 | 5,537.28 |
| 1988–89 | 6,412.21 |
| 1989–90 | 5,971.24 |
| 1990–91 | 5,653.16 |
| | $30,200.70 |

Interest continues to accrue on the outstanding balance.

In November 1992 the purchaser received delinquent real estate tax notices from the City of Norfolk threatening to sell the property in order to collect the delinquent taxes. Purchaser in turn informed debtor of the situation and made demand on the debtor for the payment of the outstanding presale tax obligations.

Debtor requested that Crestar disgorge from its $75,516.00 proceeds the amount of the delinquent real estate taxes. Crestar refused, which resulted in the debtor's filing of this adversary proceeding.

## Position of the Parties

### DEBTOR

Debtor asserts that the City of Norfolk's lien attached automatically to the proceeds of the sale of the subject property, notwithstanding that the court's order of sale was silent about any lien other than Crestar's. Debtor also reasons that Crestar is gaining a windfall[5] by receiving the entire net proceeds when in fact Crestar's lien is second in priority behind the City of Norfolk.

Debtor also insists that all creditors, including Norfolk, received adequate notice of the sale. Debtor has filed affidavits to that effect. Thus, the city had ample opportunity to be heard regarding the proposed sale and should not hold the debtor responsible for any unpaid real estate taxes.

### CITY OF NORFOLK & JOSEPH FITZPATRICK[6]

Norfolk insists that it did not receive proper notice of the sale of the property. Therefore, the sale could not extinguish its tax liens. Any other result would be an unconstitutional taking of property without due process of law.

### CRESTAR BANK

Crestar argues that it complied fully with the order of sale entered September 4, 1991. Thus, Crestar was entitled to all the net proceeds, and the unpaid real estate taxes remain an issue solely between the purchaser of the property and the debtor seller. Also, since the property has been sold, it is no longer property of the estate, and the bankruptcy court now lacks jurisdiction. The parties should be left to their state court remedies, if any.

### WINSTON SNIDER

Snider filed no answer in this adversary proceeding, and the court entered default judgment against him. His original position was that the debtor is responsible for the unpaid real estate taxes whether or not the tax liens survived the sale.

## Discussion and Conclusions of Law

Debtor by the filing of this adversary proceeding calls upon this court to exercise its authority pursuant to 11 U.S.C. §§ 105 and 363. Debtor seeks to absolve itself of any responsibility for the nonpayment of delinquent real estate taxes on the property sold at auction. Debtor wishes this court to require Crestar to disgorge sufficient proceeds to pay the delinquent taxes.

The issue arose because neither the purchaser of the property nor the debtor thought to pay the outstanding real estate taxes on the property at closing.[7]

The City of Norfolk became intensely involved in this adversary proceeding only when its representatives realized the tax liens on the property could be in jeopardy. The city's answer to the complaint raises constitutional taking issues which I find un-

---

5. Windfall is hardly descriptive of Crestar's position. Even with the full amount of the proceeds in hand, Crestar has been left with a substantial deficiency.

6. Joseph Fitzpatrick is a party to the adversary proceeding by virtue of his position as treasurer of the City of Norfolk.

7. According to relevant state law, the purchaser at a sale shall see that the proceeds are applied to the payment of all taxes and levies assessed on real estate, and the seller's liability for taxes must be effectively prorated contractually. Va.Code Ann. § 58.1–3340 (Michie 1991). Although the taxes were effectively prorated in the contract for purchase and sale of the property, the purchaser did not comply in this case by failing to properly apply the proceeds of the sale. The debtor compounded the error by also failing to pay its share of the taxes prior to forwarding the proceeds to Crestar.

necessary to address.[8] However, for purposes of the court's analysis, the city's answer is construed to be a request for adequate protection pursuant to 11 U.S.C. § 363(e).

ADEQUATE PROTECTION UNDER § 363(e)

■ Section 363(e) of the Bankruptcy Code authorizes the court to condition sale, use or lease of property as is necessary to provide adequate protection of an entity's interest.[9] The court's construction of Norfolk's motion for leave to file a late answer (and the answer itself) as a request for adequate protection authorizes the court to place conditions on this sale of property to provide adequate protection. This authority essentially defeats Crestar's argument that this court has no jurisdiction over the property after its sale. The statute specifies "at any time" and refers to property sold or proposed to be sold.

Adequate protection in sales of property under § 363 in most cases is to have liens attach to the proceeds of sale. This was recognized in the legislative history of the Bankruptcy Code. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 345 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6302.

This court's September 4, 1991, order did not specifically provide for Norfolk's lien to attach to the proceeds of sale of the property although it should have. I believe that § 363(e) empowers the court, as a means of adequate protection, to correct that oversight even though the sale has been completed and the proceeds disbursed.

THE COURT'S EQUITABLE POWERS UNDER § 105

■ Section 105(a) authorizes the bankruptcy court to issue orders necessary to carry out the provisions of the Bankruptcy Code. This authority does not act in a vacuum, however, but generally must be grounded upon other provisions of law. See, e.g., IRS v. Levy (In re Landbank Equity Corp.), 973 F.2d 265, 271 (4th Cir.1992) (court's equitable powers do not constitute unlimited authority to ignore plain statutory requirements or alter substantive rights). In other words the exercise of § 105(a) power should be used to achieve ends provided for by the Code itself or otherwise by law.

There are several fundamental principles of bankruptcy and state law which will operate to empower this court under § 105 to assure the proper result is reached in debtor's sale of its real property.

Section 363(b) authorizes the debtor in possession to sell property of the estate "after notice and a hearing...." Here, the City of Norfolk was not given notice of the sale of real property on which it held tax liens.

As discussed above, § 363(e) allows the bankruptcy court to condition a sale of property of the estate as necessary to provide adequate protection of the interest of the City of Norfolk.

Finally, in any sale of real estate, the settlement agent has a duty to pay tax liens against the property before disbursing the sale proceeds to the seller (or in this case to the deed of trust holder Crestar who was inferior in priority to the Norfolk tax liens). Moreover, Va.Code Ann. § 58.1–3340 specifically requires the seller and the purchaser of real estate to see that their pro rata share of real estate taxes are paid. This they did not do.

In summary, the parties failed to complete the sale of the debtor's realty in a manner in keeping with the most fundamental requirements of the transaction. It would reflect

**8.** The constitutional taking issues are interrelated to the notice dispute. There are affidavits from each side of the dispute. The City of Norfolk affidavits certify that no notice was received. Debtor's affidavits certify that notice went out. The court's examination of the September 4, 1991, order and its related motion indicates that the debtor certified service only to three secured creditors including Crestar. Thus, the court has found that the City of Norfolk did not receive notice of the sale.

**9.** Notwithstanding any other provision of this section, *at any time*, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.
11 U.S.C. § 363(e) (emphasis added).

poorly indeed on a bankruptcy system which did not allow this court to correct the errors that were made.

I will therefore invoke § 105(a) to effectively reconstruct the sale and require Crestar Bank to disgorge from the proceeds of the sale in its possession an amount which will completely satisfy the outstanding unpaid real estate taxes due the City of Norfolk which existed on December 16, 1991. For a similar result see *In re Wine Boutique, Inc.,* 117 B.R. 506 (Bankr.W.D.Mo.1990).

A separate order will be entered.